ALBANY,
August, 1812.

WOOD, *ex dem.* L. ELMENDORF, *against* E. W. WOOD.

A MOTION was made that the judgment, default and writ of possession in this cause be set aside, for irregularity, &c. and that a writ of restitution issue, and that *Robert R. Livingston* be made defendant instead of the present defendant.

The affidavit of *Livingston* stated, that he was proprietor of a tract of land, in the *Hardenbergh* patent, including the premises in question; that *Jeremiah Gale* was placed on the land, as his general agent and superintendant, and had a lease for part. He also stated, that he and those under whom he claimed, had been in possession of the land for near 80 years, and that in 1790, or 1794, the tract was surveyed and run out into lots; that the lessor claimed under the trustees of the town of *Rochester*, &c. that the suit was commenced and carried on as for a *vacant possession;* and that he (*R. R. L.*) had a good and substantial defence on the merits, in the cause, if he could be made defendant; and that he had supposed, from the information of his attorney, that he had been made, with the consent of the lessor, a defendant, until since last *January* term, when he was informed that the plaintiff had obtained a judgment, on which a writ of *hab. fac. poss.* had been issued, and the lessor put into possession of part of the land.

It appeared by two other affidavits, that since the last *Sullivan* circuit, the lessor expressed a desire to have the matter brought to a settlement between *Livingston* and himself, and promised not to proceed in the suit without giving the attorney of *Livingston* notice, and that *Livingston* might be made defendant, so as to have his title tried at the next circuit. The lessor also wrote a letter to *Livingston*, dated the 19th of *August*, 1811, informing him that he had commenced this action, and that he was willing to have the controversy amicably adjusted, and would meet him at any time or place that he would appoint for that purpose.

The affidavit of the lessor stated, that in order to obtain a notorious and evident possession of the premises, in connection with his constructive possession, under his deed from the trustees of *Rochester*, and to bring the claim of *Livingston* to a decision, he entered, in *August* last, on the premises, then vacant, and executed a lease to *William Wood*, of the premises, and delivered him the actual possession, who was, afterwards, on the same day, dis-

WOOD
v.
WOOD.
Where the lessor of the plaintiff, in an action of *eject-ment*, went, as for a *vacant possession*, and obtained a regular judgment by default, it was set aside, and the person claiming to be owner of the land, on an affidavit of merits, &c. was admitted as defendant, on payment of costs, &c.

possessed by *E. W. Wood*, upon whom, while actually in posses-sion, a declaration in ejectment was served in the suit in which *William Wood* was plaintiff, and the said *E. W. Wood* the casual ejector ; that on filing an affidavit of the lease, the ouster, and a service of the declaration, the rule to plead was entered, and the service of the new declaration and rule to plead, was admitted by *E. W. Wood*, the defendant, on the 10th of *August* last, on which admission, endorsed on the copy of the declaration, &c. and filing the same, the default of the casual ejector was, afterwards, entered, and, in *October* term last, a rule for judgment on the default was entered, which was perfected on the 24th of *October*. The rule for pleading expired on the 30th of *August*, and the last *Sullivan* circuit commenced on the 16th of *September*. Since the judg-ment, the lessor told the agent of *Livingston*, that he was willing to put the controversy at issue immediately, so that *Livingston* should be the lessor, and he the defendant, or to leave the matter to referees ; but he denied that he had ever promised to stay the proceedings in this cause, or to relinquish the judgment, unless on terms, which were not acceded to by the attorney or agent of *Li-vingston*.

*Per Curiam.* The premises were vacant, so that there was no person in possession on whom a declaration in ejectment could be served, and the proceeding, in such case, was regular. But agreeably to our former decisions, in cases of ejectment, the de-fault, judgment, and execution must be set aside, and *R. R. Li-vingston* be admitted as defendant, on payment of costs, and sti-pulating to admit he was in possession at the commencement of the suit.

Rule granted.(*a*)

(*a*) See *Saltonstall* v. *White*, (1 *Johns. Cas.* 221.) *Jackson* v. *Stiles*, (1 *Caines'* *Rep.* 505.) *Jackson* v. *Stiles*, (4 *Johns. Rep.* 489.) *Davenport* v. *Ferris*, (6 *Johns. Rep.* 131.) 1 *Caines' Rep.* 155.